UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARK ATKINS,

                Petitioner,

v.

HUDSON COUNTY REHABILITATION CENTER, and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,

                Respondents.

Civil Action No. 22-5780 (JXN)

OPINION

**NEALS**, District Judge

    **THIS MATTER** comes before the Court on Petitioner Mark Atkins's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Petition"). Following Petitioner's payment of the filing fee, the Court screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directed that Petitioner show cause why the Petition should not be dismissed (*see* Court's Mar. 22, 2023, Ord. (ECF No. 7)), which Petitioner failed to do. For the reasons set forth below, the Petition is **DISMISSED** *without prejudice* for failure to exhaust state court remedies.

    **I.**    **BACKGROUND**[1]

    Petitioner pled guilty to possession of a controlled dangerous substance. (Petition at 1-2)[2]. On August 4, 2022, Petitioner was sentenced to five years imprisonment. (*Id.* at 1). On August 28, 2022, Petitioner filed a petition for post-conviction relief (the "PCR"). (*Id.* at 3.) The state

---

[1] The following facts are taken from the Petition, which the Court accepts as true.
[2] The Court refers to the ECF header page numbers for the documents discussed herein.

court did not respond to the PCR. (*Ibid.*). On September 29, 2022, Petitioner filed the instant Petition alleging four claims for relief. (*Id.* at 5-10).

## II. STANDARDS OF REVIEW

Under 28 U.S.C. § 2254 Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Indeed, § 2254 petitions must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). To that end, a district judge must *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 Rule 4. Thus, if a habeas petition "appears legally insufficient on its face," it is dismissed. *McFarland*, 512 U.S. at 856 (citation omitted).

## III. DISCUSSION

A court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner exhausted the remedies available in the state courts or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (citation omitted). This means that the "petitioner [] present[ed] a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation and internal quotations

omitted). This is demonstrated by the petitioner affording state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* at 198 (citation and internal quotations omitted).

Here, the Petitioner was sentenced on August 4, 2022. (Petition at 1). Petitioner filed the PCR that same month, which the state trial court did not respond to. (*Id.* at 3). Petitioner also concedes that he did not present his claims to "the highest state court having jurisdiction" over his case. (*Id.* at 12). Accordingly, Petitioner has not exhausted his claims under 28 U.S.C. § 2254(b)(1). Additionally, Petitioner has not presented any argument as to why the Petition should not be dismissed. The Court, therefore, dismisses the Petition *without prejudice*.

### IV.     **CERTIFICATE OF APPEALABILITY**

The Petitioner may not appeal from a final order under 28 U.S.C. § 2254 unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented [here] are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies Petitioner a certificate of appealability.

### V.     **CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate order accompanies this Opinion.

DATED: 11/2/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge